NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| WILLIE J. WATSON, Sr., | )   Case No. 23-22374-C-13 |
| | ) |
| _____ Debtor. | ) |
| | ) |
| JESSICA L. WILLIAMS and EMMA | )   Adv No. 23-02078-C |
| LAVERNE WILLIAMS, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| WILLIE J. WATSON, Sr., | ) |
| | ) |
| Defendant. | ) |

_____

MEMORANDUM OF DECISION

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

Plaintiff Creditors, Jessica Williams and Emma LaVerne Williams (Plaintiffs) filed this motion for an order precluding the debtor from relitigating the issues of fraud, conversion, misrepresentation, and financial abuse on a theory of issue preclusion and entering Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). For the reasons stated herein, California issue preclusion is available to be applied and as a matter of judicial discretion will be imposed, thereby warranting judgment on the pleadings pursuant to Rule 12(c).

Procedural History

Plaintiffs contend that the issues warranting were actually and necessarily decided in the final default judgment filed

October 16, 2019, in the civil action <u>Jessica Williams, et al. v.</u>
<u>Willie J. Watson, et al.</u>, Superior Court of California, County of
Alameda, Case No. RG17869515. The action initially was against
Willie Watson, Jr., and Doe defendants and then was amended to
add the current debtor Willie Watson, Sr., as a named defendant.

The Plaintiffs were awarded a total of $727,829.83 against
the defendants, including debtor Willie Watson, Sr., which award
consisted of $554,700.00 damages, $85,636.56 prejudgment
interest, $82,793.94 attorneys' fees, and $4,699.33 costs.

The counts in the Amended Complaint included, among others,
fraud, intentional misrepresentation, and financial elder abuse.

Issue was joined in the state court litigation, and
extensive proceedings ensued between the parties before the
Superior Court eventually struck the answers, entered default,
and, later, awarded default judgment.

The request for entry of default judgment presented to the
Superior Court in support of a request for entry of default
judgment was replete with factual evidence addressed to the
underlying merits. After the default judgment was entered, on two
occasions the Superior Court, in reasoned decisions, declined to
grant the defendants relief from the judgment.

The debtor, Willie Watson, Sr., filed his chapter 13
bankruptcy case on July 18, 2023. This adversary proceeding
alleging nondischargeability that would be excepted from a
chapter 13 discharge pursuant to 11 U.S.C. §§ 523(a)(2) and
1328(a) ensued.

## Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(b). This is a core proceeding that a Bankruptcy Judge may hear and determine. 28 U.S.C. § 157(b)(2)(I).

## Issue Preclusion

The question whether issue preclusion is available to be applied is a mixed question of law and fact that is reviewed either for clear error or de novo, depending on an appellate court's assessment whether issues of fact or of law predominate. U.S. Bank Nat'l Ass'n v. Village at Lakeridge, 138 S.Ct. 960 (2018); Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988).

Once it is determined that issue preclusion is available to be applied as a matter of law, then the determination whether to apply it under the facts is in the discretion for the trial judge, whose decision in that respect will be reviewed for abuse of discretion. Robi, 838 F.2d at 321.

The Full Faith and Credit Act (28 U.S.C. § 1738) requires that California rules of issue preclusion apply to the preclusive effect of the judgment of California state courts. Khaligh v. Hadoegh (In re Khaligh), 338 B.R. 817, 824 (9th Cir. BAP 2006).

California issue preclusion doctrine is governed by the decision of the California Supreme Court in Lucido v. Superior Court, 51 Cal.3d 335, 341-43 (1990).

In Lucido, the California Supreme Court identified six elements required for issue preclusion with respect to a judgment of a California court:

1    First, the judgment must be on the identical issue;

2    Second, the issue must have been actually litigated;

3    Third, the issue must have been necessarily decided;

4    Fourth, the judgment must be final and on the merits;

5    Fifth, the judgment must be against the same party or a

6  party in privity;

7    Sixth, imposition of issue preclusion must be fair and

8  consistent with sound public policy.

9  51 Cal. 3d at 341-43.

10    The party urging preclusion has the burden of persuasion and

11  the correlative risk of nonpersuasion. Lucido, 51 Cal. 3d at 342;

12  Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir.

13  2001).

14    The first five elements in Lucido comport with the

15  Restatement (Second) of Judgments. Restatement (Second) of

16  Judgments § 27 (1982). The sixth element relating to fairness and

17  sound public policy re-emphasizes the proposition that the trial

18  court retains discretion whether to impose issue preclusion.

19

20                    Effect of Default Judgment

21    The fact that a judgment was entered by default does not

22  necessarily flunk the requirement that the subject issue have

23  been "actually litigated" for purposes of issue preclusion.

24    The controlling question turns on the quality of the

25  determination made by the trial court in the course of rendering

26  a default judgment. Williams v. Williams (In re Williams'

27  Estate), 36 Cal.2d 289, 297 (1950); Harmon, 250 F.3d at 1246-49.

28    Some default judgments in California may be characterized as

4

"drive-by" conclusory affairs in which the trial court does not make considered decisions and hence might not satisfy the "actually litigated" requirement because, among other defects, there are not "express findings" or other indication the issue was "necessarily decided."

Other California default judgments contain either express findings or other indicia that the issue was necessarily decided in the course of entering a default judgment. <u>Harmon</u>, 250 F.3d at 1246-49.

In this instance, scrutiny of the approximately 300-page default judgment record persuades this court that the default judgment against the debtor passes muster under the standards of <u>Lucido</u> and of <u>Williams' Estate</u>.

Not only was the initial judgment carefully considered by the Alameda County Superior Court, that court revisited the judgment on two occasions in the course of considering whether to grant relief from the judgment. Although the debtor here now protests that he had no idea that the action was pending against him and that he is an innocent bystander who was denied due process of law, the state court record belies that proposition.

## Conclusion

All of the policy considerations underlying the preclusion of the relitgation of issues actually litigated and necessarily decided in prior litigation counsel in favor of exercising this court's discretion to impose issue preclusion.

Accordingly, issue preclusion is imposed and the Rule 12(c) motion for judgment on the pleadings is GRANTED.

1    Judgment will be entered in favor of Plaintiffs.

2    Dated: April 19, 2024

3

4    _____

5    United States Bankruptcy Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28